UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALRA SALMON,

                          Plaintiff,        MEMORANDUM & ORDER
                                            12-CV-2036(JS)

           -against-

UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT, JANET NAPOLITANO, and
FIELD OFFICER MS. PATRICK, ICE New York,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      William Timmons, Esq.
                    25 Candee Avenue
                    Sayville, NY 11782

For Defendants:     No appearances

SEYBERT, District Judge:

        On April 25, 2012, counsel on behalf of Plaintiff Alra

Salmon filed: (1) an _ex_ _parte_ application for a temporary

restraining order ("TRO") enjoining Defendant United States

Immigration and Customs Enforcement ("ICE") from deporting

Plaintiff pursuant to a final order of removal and (2) a request

to proceed _in_ _forma_ _pauperis_. Upon review of Plaintiff's

declaration in support of his application, which asserts that he

has been detained under a final order of removal and without

income since April 2010, the Court finds that Plaintiff's

financial status qualifies him to proceed without prepayment of

the filing fee. Accordingly, his request to proceed _in_ _forma_

_pauperis_ is GRANTED. However, for the reasons that follow,

Plaintiff's action[1] is <u>sua sponte</u> dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b) for lack of subject matter jurisdiction.

<u>BACKGROUND</u>[2]

Plaintiff, a Jamaican native, moved to the United States in 1976 as a Lawful Permanent Resident. In 1990, he was arrested in Florida and charged with possession of marijuana. The charges were adjourned in contemplation of dismissal. Then, in 1991, Plaintiff was arrested again at the Miami International Airport for possession of stolen Pan Am voucher coupons. Plaintiff, represented by counsel, pled guilty. Plaintiff asserts that his lawyer never advised him of the potentially negative effect that pleading guilty could have on his immigration status.

After the criminal proceedings concluded, removal proceedings were commenced, and in 1996 the immigration court revoked his status as a Lawful Permanent Resident and entered an order of removal. Plaintiff, however, was able to avoid deportation until he was arrested yet again in or around April 2010 in New York for driving under the influence. Although the

---

[1] Plaintiff did not file a complaint or petition seeking any permanent relief or damages.

[2] The following facts are taken from Plaintiff's application for a TRO and from the transcript of the TRO hearing.

charges were ultimately dismissed, Plaintiff was detained pursuant to the order of removal.

In March 2012, Plaintiff, through counsel, filed a request with ICE for an administrative stay of Plaintiff's deportation. Plaintiff sought the stay so he could move to vacate the Florida judgment and sentence, which he did on April 19, 2012, arguing that he received ineffective assistance of counsel under <u>Padilla v. Kentucky</u>, __ U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). A hearing was scheduled for May 4, 2012. The Court does not know if the hearing was held or the current status of Plaintiff's motion in Florida. Plaintiff's request for an administrative stay was denied by ICE, and Plaintiff was scheduled to be deported on April 26, 2012.

Plaintiff commenced the present action on April 25, 2012, seeking a stay of his deportation pending resolution of the motion to vacate his Florida judgment and sentence. The Court heard argument from Plaintiff's counsel on his application for a TRO and denied his application on the record for failing to establish a likelihood of success on the merits-- specifically, Plaintiff failed to establish that the Court had jurisdiction to grant the requested relief. It is for the same reason that this Court dismisses Plaintiff's action in its entirety.

## DISCUSSION

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

Here, Plaintiff is seeking a stay (and potentially relief from) his order of removal. However, as the Court stated at the TRO hearing, it lacks jurisdiction to grant such relief. See Rosales v. Artus, No. 10-CV-2742, 2011 WL 3845906, at *10 (E.D.N.Y. Aug. 20, 2011) ("[T]o the extent petitioner is challenging his deportation and removal and is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ." (emphasis added)).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, but the action is <u>sua</u> <u>sponte</u> DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    May __7__, 2012
          Central Islip, NY